# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FERNANDO SERNA,

Petitioner,

v.

KATHY ALLISON, Warden,

Respondent.

/

1:10-CV-01252 OWW GSA HC

FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**RELEVANT HISTORY**[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his conviction in Los Angeles County Superior Court in 1982 of first degree murder and assault with a deadly weapon. He is serving a sentence of twenty-seven years to life with the possibility of parole.

Petitioner does not challenge his underlying conviction; rather, he claims the California Board of Parole Hearings ("Board") violated his due process rights in its October 29, 2008, decision finding him unsuitable for parole. Petitioner contends the Board denied his due process

[1] This information is taken from the pleadings and the state court documents lodged with Respondent's answer, and are not subject to dispute.

rights because the determination of unsuitability for parole lacked some evidence of current dangerousness.

Petitioner filed a habeas petition challenging the Board's 2008 decision in the Los Angeles County Superior Court on June 11, 2009. The petition was denied in a reasoned decision on August 17, 2009. Petitioner next filed a habeas petition in the California Court of Appeal, Second Appellate District, on September 22, 2009. The appellate court denied the petition on November 4, 2009, finding some evidence supported the determination that Petitioner continues to pose a current threat to public safety. Petitioner then filed a habeas petition in the California Supreme Court on November 20, 2009. The petition was summarily denied on May 20, 2010.

Petitioner filed the instant federal petition for writ of habeas corpus on July 13, 2010. Respondent filed an answer to the petition on October 29, 2010. Petitioner filed a traverse on December 1, 2010.

**STATEMENT OF FACTS**[2]

The victim and his employer were transporting money for deposit at a bank. Petitioner bumped the victim and attempted to take a bag containing approximately two hundred dollars in coins from the victim. The bag fell to the sidewalk. Petitioner fired a single shot at the victim striking him in the chest and killing him. Petitioner and his codefendant then fled the scene.

**DISCUSSION**

I. Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

---

[2] This information is taken from the summary of the crime set forth in the psychological evaluation dated July 30, 2008. See Resp't's Lodged Doc. No. 9.

The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections and Rehabilitation pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'").

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409. Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Clark v. Murphy, 331 F.3d 1062, 1069 (9th

Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

II. Review of Petition

There is no independent right to parole under the United States Constitution; rather, the right exists and is created by the substantive state law which defines the parole scheme. Hayward v. Marshall, 603 F.3d 546, 559, 561 (9th Cir. 2010) (en banc) (citing Bd. of Pardons v. Allen, 482 U.S. 369, 371 (1987); Pearson v. Muntz, No. 08-55728, 2010 WL 2108964, * 2 (9th Cir. May 24, 2010) (citing Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005)); Cooke v. Solis, No. 06-15444, 2010 WL 2330283, *6 (9th Cir. June 4, 2010). "[D]espite the necessarily subjective and predictive nature of the parole-release decision, state statutes may create liberty interests in parole release that are entitled to protection under the Due Process Clause." Bd. of Pardons v. Allen, 482 U.S. at 371.

In California, the Board of Parole Hearings' determination of whether an inmate is suitable for parole is controlled by the following regulations:

> (a) General. The panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for a denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.
>
> (b) Information Considered. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

Cal. Code Regs. tit. 15, §§ 2402(a) and (b). Section 2402(c) sets forth circumstances tending to demonstrate unsuitability for release. "Circumstances tending to indicate unsuitability include:

> (1) Commitment Offense. The prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include:
>
> (A) Multiple victims were attacked, injured or killed in the same or separate incidents.
> (B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.
> (C) The victim was abused, defiled or mutilated during or after the

offense.
    (D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.
    (E) The motive for the crime is inexplicable or very trivial in relation to the offense.

(2) Previous Record of Violence. The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.

(3) Unstable Social History. The prisoner has a history of unstable or tumultuous relationships with others.'

(4) Sadistic Sexual Offenses. The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.

(5) Psychological Factors. The prisoner has a lengthy history of severe mental problems related to the offense.

(6) Institutional Behavior. The prisoner has engaged in serious misconduct in prison or jail.

Cal. Code Regs. tit. 15, § 2402(c)(1)(A)-(E),(2)-(9).

Section 2402(d) sets forth the circumstances tending to show suitability which include:

(1) No Juvenile Record. The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to victims.

(2) Stable Social History. The prisoner has experienced reasonably stable relationships with others.

(3) Signs of Remorse. The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or indicating that he understands the nature and magnitude of the offense.

(4) Motivation for Crime. The prisoner committed his crime as a result of significant stress in his life, especially if the stress has built over a long period of time.

(5) Battered Woman Syndrome. At the time of the commission of the crime, the prisoner suffered from Battered Woman Syndrome, as defined in section 2000(b), and it appears the criminal behavior was the result of that victimization.

(6) Lack of Criminal History. The prisoner lacks any significant history of violent crime.

(7) Age. The prisoner's present age reduces the probability of recidivism.

(8) Understanding and Plans for Future. The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.

(9) Institutional Behavior. Institutional activities indicate an enhanced ability to function within the law upon release.

Cal. Code Regs. tit. 15, § 2402(d)(1)-(9)

The California parole scheme entitles the prisoner to a parole hearing and various procedural guarantees and rights before, at, and after the hearing. Cal. Penal Code § 3041.5. If denied parole, the prisoner is entitled to subsequent hearings at intervals set by statute. Id. In addition, if the Board or Governor find the prisoner unsuitable for release, the prisoner is entitled to a written explanation. Cal. Penal Code §§ 3041.2, 3041.5. The denial of parole must also be supported by "some evidence," but review of the Board's or Governor's decision is extremely deferential. In re Rosenkrantz, 29 Cal.4th 616, 128 Cal.Rptr.3d 104, 59 P.3d 174, 210 (2002).

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals recently held California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d at 561-563; Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010). Therefore, under 28 U.S.C. § 2254, this Court's ultimate determination is whether the state court's application of the some evidence rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence. Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

The applicable California standard "is whether some evidence supports the *decision* of the Board or the Governor that the inmate constitutes a current threat to public safety, and not merely whether some evidence confirms the existence of certain factual findings." In re Lawrence, 44 Cal.4th 1181, 1212 (2008) (emphasis in original and citations omitted). As to the circumstances of the commitment offense, the Lawrence Court concluded that

> although the Board and the Governor may rely upon the aggravated circumstances of the commitment offense as a basis for a decision denying parole, the aggravated nature of the crime does not in and of itself provide some evidence of current dangerousness to the public unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety.

Id. at 1214.

In addition, "the circumstances of the commitment offense (or any of the other factors related to unsuitability) establish unsuitability if, and only if, those circumstances are probative to

the determination that a prison remains a danger to the public. It is not the existence or nonexistence of suitability or unsuitability factors that forms the crux of the parole decision; the significant circumstance is how those factors interrelate to support a conclusion of current dangerousness to the public." In re Lawrence, 44 Cal.4th at 1212.

"In sum, a reviewing court must consider 'whether the identified facts are *probative* to the central issue of *current* dangerousness when considered in light of the full record before the Board or the Governor.'" Cooke v. Solis, 606 F.3d 1206, 1214 (9th Cir. 2010) (emphasis in original) (citing Hayward v. Marshall, 603 F.3d at 560).

A. State Court Decision

The superior court provided the last reasoned decision, rejecting Petitioner's claim as follows:

> The Court has read and considered petitioner's Writ of Habeas Corpus filed on June 11, 2009. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole [Citations.].
>
> Petitioner was convicted of first degree murder on March 29. He was sentenced to twenty-seven years to life in prison. His minimum eligible parole date was June 4, 1998. The record reflects that on April 21, 1981, petitioner and his crime partner attempted to rob two victims as they were depositing money into a bank. Petitioner shot one of the victims in the chest, killing him. Petitioner denies that the crime was a robbery. He told his prison psychologist that he recognized the victim as a man with whom he had fought earlier at a bar. He claimed that he shot the victim out of fear and did not know that he was carrying money for deposit. He acknowledged that he was drunk at the time.
>
> The Board found petitioner unsuitable for parole after a parole consideration hearing held on October 29, 2008. Petitioner was denied for one year. The Board based its decision on several factors, including petitioner's commitment offense and negative psychological evaluation.
>
> The Board must consider the nature of the commitment offense in denying parole when the offense is especially heinous, atrocious or cruel. [Citation.] In this case, the Board found that the commitment offense was especially heinous because the motive was very trivial in relation to the offense. [Citation.] "To fit the regulatory description, the motive must be materially less significant (or more "trivial") than those which conventionally drive people to commit the offense in question, and therefore more indicative of a risk of danger to society if the prisoner is released than is ordinarily present." [Citation.] In this case, the motive for the murder was robbery according to the official record. The "motivation to obtain money" is very trivial. [Citation.] Petitioner barely gives any explanation for his actions except that he recognized the victim as someone he had once fought with. The victim was depositing money at a bank with his employer at the time petitioner shot him. There is no indication that the victim threatened

> petitioner, or even that he recognized him at all.  This motive, like the official motive, is materially less significant than those which conventionally drive people to commit murder.
>
> The heinousness of the crime is only relevant if it is indicative of the "ultimate conclusion that an inmate continues to pose an unreasonable risk to public safety." [Citation.] There must be a "rational nexus" between the gravity of the commitment offense and an inmate's current dangerousness. [Citation.] "The aggravated nature of the crime does not in and of itself provide some evidence of current dangerousness to the public unless the record also establishes that something in the prisoner's pre- or post-conviction history, or his or her current demeanor and mental state, indicates that the implications regarding the prisoner's dangerousness that derive from his or her commission of the commitment offense remain probative to the statutory determination of a continuing threat to public safety." [Citation.]
>
> Petitioner's demeanor and mental state indicate that the implications regarding the prisoner's dangerousness that derive from his commission of the kidnapping remain probative of his current level of dangerousness. According to petitioner's October, 2008 psychological evaluation, his overall risk to violently recidivate remains in the moderate range. This rating is some evidence that he [is] an unreasonable risk of danger to society.
>
> An inmate's lack of remorse or insight into the nature and magnitude of the offense may be some evidence that he currently poses an unreasonable risk of danger to society. [Citation.] However, "[t]he Board is precluded from conditioning a prisoner's parole on an admission of guilt." [Citation.] In this case[], the Board noted that petitioner continues to deny that the murder was part of a robbery plan, and apparently inappropriately used this denial against him.  The court may uphold the Board's decision, despite a flaw in its finding, if the Board has made it clear it would have reached the same decision without the error. [Citation.] Because the Board clearly listed several other suitability factors that went into the decision to deny parole, the improper consideration of petitioner's refusal to admit guilt does not invalidate the Board's denial.

(See Resp't's Lodged Doc. No. 3.)

As set forth above, the state court first found that some evidence supported the finding that the commitment offense was carried out in an especially heinous, atrocious or cruel manner. The Board had determined, *inter alia*, that the motive for the crime was very trivial in relation to the crime itself. Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(E).  The record shows Petitioner shot the victim in the chest during an attempt to rob the victim of money.  The state court noted that according to California law, the motivation to obtain money is very trivial.  In addition, Petitioner himself offered no explanation for his actions except that he recognized the victim as someone he had fought with on prior occasion.  However, there was no evidence that Petitioner recognized the victim or that the victim threatened Petitioner.  Thus, some evidence supports this factor.  Accordingly, the state court determination that some evidence supported the Board's finding that the offense was committed in an especially heinous, atrocious, or cruel manner was

not objectively unreasonable.

The California Supreme Court has held that "[t]he nature of the prisoner's offense, alone, can constitute a sufficient basis for denying parole." In re Rosenkrantz, 29 Cal.4th 616, 682 (2002). However, in cases where prisoners have served their suggested base terms and have demonstrated strong evidence of rehabilitation and no other evidence of current dangerousness, the underlying circumstances of the commitment offense alone rarely will provide a valid basis for denying parole. In re Lawrence, 44 Cal.4th 1191, 1211 (2008). In this case, the Board did not rely on the commitment offense alone.

As noted by the state court, the Board also determined that Petitioner's mental state and demeanor demonstrated a current risk of dangerousness. Cal. Code Regs., tit. 15, § 2402, subd. (b). The Board relied on the fact that a reviewing psychologist found Petitioner posed an overall moderate risk to violently recidivate if released. This constitutes some evidence to support the Board's finding that Petitioner remained a danger to the public if released.

The Board also considered the positive factors indicating suitability for parole. Petitioner was commended for his several vocations; he was lauded for his volunteer work; his parole plans appeared to be viable and in order; he had obtained his GED; and he had remained disciplinary free for a substantial period of time. Nevertheless, after considering the factors in favor of suitability, the Board concluded that the positive aspects of Petitioner's behavior did not outweigh the factors of unsuitability. The Board determined that the circumstances of Petitioner's commitment offense and his current mental state and demeanor were probative of a danger to the public should he be released. The state courts' determination that there was some evidence to support the Board's 2008 decision is not an unreasonable application of California's some evidence standard, nor an unreasonable determination of the facts in light of the record. Accordingly, federal habeas corpus relief is unavailable.

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and
2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: January 6, 2011**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE